UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

DAMIAN STEPLIGHT,
　　　　　　*Defendant-Appellant.*

No. 02-4088

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-01-264-A)

Submitted: October 31, 2002

Decided: December 3, 2002

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

John Kenneth Zwerling, ZWERLING & KEMLER, P.C., Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, LeDora Knight, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Damian Steplight was convicted of conspiracy to distribute fifty grams or more of crack cocaine and was sentenced to life imprisonment. On appeal, Steplight maintains that the prosecutor made improper remarks during opening and closing arguments and that his prior felony convictions should not have been treated as sentencing factors. We affirm.

To prevail on a claim of prosecutorial misconduct, Steplight must show: (1) the government's remarks and conduct were improper; and (2) the remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial. *United States v. Golding*, 168 F.3d 700, 702 (4th Cir. 1999). This court reviews a district court's factual findings on prosecutorial misconduct for clear error. *United States v. Ellis*, 121 F.3d 908, 927 (4th Cir. 1997). Defense counsel objected at trial to only two of the prosecutor's remarks with which he now takes issue on appeal. With the exception of these two claims, because Steplight failed to object to the prosecutor's remarks at the time they were made, we review for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). We have reviewed the record in light of Steplight's claims of prosecutorial misconduct and find no reversible error.

Steplight also maintains on appeal that he was improperly sentenced to life without parole under 21 U.S.C. § 841(b)(1)(A) (2000) based on two prior felony drug convictions. Steplight argues that his felony convictions should have been alleged in the indictment as elements of the offense, and that the jury should have been required to find him guilty of all elements beyond a reasonable doubt.

In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held prior felony convictions are merely sentencing enhancements rather than elements of an offense and need not be charged in an indictment. Subsequently, the Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury

and proved beyond a reasonable doubt. *Id.* at 490. *Apprendi* specifically excluded enhancements based on prior convictions from its holding. Therefore, the government was not required to charge Steplight's prior felony convictions in the indictment. Furthermore, this court has expressly determined that the holding in *Almendarez-Torres* was not overruled by *Apprendi*. *United States v. Sterling*, 283 F.3d 216, 220 (4th Cir.), *cert. denied*, 122 S. Ct. 2606 (2002).

Accordingly, we affirm Steplight's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*